**Motion Granted and Abatement Order filed February 1, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00666-CV
_____

### JACK ZEEV YETIV, Appellant

### V.

### COMMISSION FOR LAWYER DISCIPLINE, Appellee

_____

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-46138**

_____

## ABATEMENT ORDER

The reporter's record was filed December 18, 2017. On January 17, 2018, appellant filed a motion asking this court to submit the case to the trial court for resolution of inaccuracies in the reporter's record.

Texas Rule of Appellate Procedure 34.6 allows correction of inaccuracies in the reporter's record. Tex. R. App. P. 34.6. The parties may agree to correct an inaccuracy or, if the parties cannot agree, the trial court can hold a hearing and make a determination regarding the alleged inaccuracy and order the court reporter

to correct the record. Tex. R. App. P. 34.6(e)(1)–(2). If a dispute arises regarding the accuracy of the reporter's record after the record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution. Tex. R. App. P. 34.6(e)(3). Accordingly, appellant's motion is granted and we enter the following order.

Pursuant to Texas Rule of Appellate Procedure 34.6, the judge of the 152nd District Court of Harris County shall (1) immediately conduct a hearing at which the court reporter, appellant, appellant's counsel, and appellee's counsel shall participate to determine (a) whether the reporter's record contains inaccuracies; (b) if so, what corrections need to be made to conform the record to what occurred in the trial court. If the trial judge finds that the reporter's record is accurate, the judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the findings. Those records shall be filed on or before **March 5, 2018.**

If, however, the trial court finds an inaccuracy in the reporter's record, the judge shall order the court reporter to conform the reporter's record to what occurred in the trial court and to certify and file a corrected reporter's record with the clerk of this court on or before **March 5, 2018**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to

schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

Appellant's brief is due **30 days** after the supplemental clerk's record or corrected reporter's record is filed with this court.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Jewell.